UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL WEBBER,<br><br>     Plaintiff,<br><br>   v.<br><br>HOME DEPOT U.S.A., INC.; SABRINA SZLACHCIUK; and DOES 1 through 20, inclusive,<br><br>     Defendants. | No. 2:24-cv-01886 WBS CSK<br><br>MEMORANDUM AND ORDER RE: <u>PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES</u> |

----oo0oo----

Plaintiff Michael Webber initiated this premises liability action against defendants Home Depot U.S.A., Inc., and Sabrina Szlachciuk (a Home Depot store manager) for injuries resulting from an incident during which a heavy cart allegedly rolled over his foot at a Home Depot store.  (Docket No. 1 at 8-13.)  Defendants removed the action to this court from the Sacramento County Superior Court based on diversity.  (Notice of Removal (Docket No. 1).)

Plaintiff now moves to remand, arguing that removal is improper because complete diversity does not exist.  Plaintiff also seeks attorneys' fees incurred in filing the motion.

1

1  (Docket No. 10.)  Defendants contend that defendant Szlachciuk
2  was fraudulently joined to defeat diversity.  (Docket No. 11.)
3  I.    Fraudulent Joinder
4          "Under 28 U.S.C. § 1441, a defendant may remove an
5  action filed in state court to federal court if the federal court
6  would have original subject matter jurisdiction over the action."
7  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th
8  Cir. 2009).  There is a "strong presumption" against exercising
9  removal jurisdiction, and "[f]ederal jurisdiction must be
10 rejected if there is any doubt as to the right of removal in the
11 first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
12 Cir. 1992) (internal citations omitted).
13         Federal courts have original jurisdiction over cases
14 where complete diversity exists between the parties and the
15 amount in controversy exceeds $75,000, exclusive of interest and
16 costs.  28 U.S.C. § 1332(a).  Complete diversity exists where
17 each plaintiff is a citizen of a different state than each
18 defendant.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067
19 (9th Cir. 2001).
20         "In determining whether there is complete diversity,
21 district courts may disregard the citizenship of a non-diverse
22 defendant who has been fraudulently joined."  Grancare, LLC v.
23 Thrower, 889 F.3d 543, 548 (9th Cir. 2018).  "A defendant
24 invoking federal court diversity jurisdiction on the basis of
25 fraudulent joinder bears a 'heavy burden' since there is a
26 'general presumption against finding fraudulent joinder.'"  Id.
27 at 548 (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1046
28 (9th Cir. 2009)).

2

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (internal quotation marks omitted). "Fraudulent joinder is established the second way if a defendant shows that an 'individual joined in the action cannot be liable on any theory.'" Id. (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)) (alteration adopted). This requires "extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." Id.

"[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." Id. at 549. Rather, the standard for fraudulent joinder is akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. Id. "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (citing Hunter, 582 F.3d at 1046) (emphasis in original). Put another way, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure the purported deficiency.'" Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) (Wanger, J.) (quoting Burris v. AT & T Wireless,

3

Inc., No. 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. 2006)).

In analyzing fraudulent joinder, a court may look beyond the pleadings and conduct a "summary inquiry . . . to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) (citing Hunter, 582 F.3d at 1044) (internal quotation marks omitted).

It is undisputed that both plaintiff and defendant Szlachciuk are citizens of California and thus lack diversity. Defendant Home Depot is a Delaware corporation with its principal place of business in Georgia. (See Notice of Removal ¶ 6(b).) Accordingly, removal is appropriate only if defendant Szlachciuk was fraudulently joined.

Plaintiff alleges that Szlachciuk is responsible for his injuries under a theory of premises liability. The elements of a premises liability claim are "a legal duty of care, breach of that duty, and proximate cause resulting in injury." Kesner v. Super. Ct., 1 Cal. 5th 1132, 1158 (2016). "Premises liability is grounded in the possession of the premises and the attendant right to control and manage the premises; accordingly, mere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act." Id. (internal quotation marks omitted). "[C]ontrol is defined as the power to prevent, remedy or guard against the dangerous condition." Colonial Van & Storage, Inc. v. Super. Ct., 76 Cal. App. 5th 487, 497 (2d Dist. 2022) (internal quotations and citations omitted). The defendant must also have actual or constructive knowledge of the dangerous

1  condition. Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1206 (2001).
2       In arguing that Szlachciuk was fraudulently joined,
3  defendants make various factual contentions pertaining to the
4  incident, including that Szlachciuk "typically did not work on
5  Sundays," the day of the week when the incident occurred; that
6  she "was not the person operating the flatbed cart" that injured
7  plaintiff; and that she has "no memory of this incident."
8  (Docket No. 11-2 ¶¶ 4-6.)
9       Defendants' factual arguments fail for several reasons.
10 First, a self-serving declaration written by the defendant in
11 question hardly qualifies as the "extraordinarily strong
12 evidence" required to prove fraudulent joinder. See Grancare,
13 889 F.3d at 548.  This declaration does not provide sufficient
14 evidence to conduct a "summary inquiry" that resolves in
15 defendants' favor, which "itself points to an inability of the
16 removing party to carry its burden." See Allen, 784 F.3d at 634
17 (citing Hunter, 582 F.3d at 1044).  Second, defendants' arguments
18 would require a "searching inquiry into the merits of the
19 plaintiff's case," which is inappropriate when considering
20 fraudulent joinder. See Grancare, 889 F.3d at 548-49.
21      Defendants next argue that California Labor Code § 2802
22 "requires an employer to defend or indemnify an employee who is
23 sued by third persons for conduct in the course and scope of his
24 employment," and therefore Szlachciuk was named as a defendant in
25 order to destroy diversity. See Rojas v. Sea World Parks & Ent.,
26 Inc., 538 F. Supp. 3d 1008, 1026 (S.D. Cal. 2021).
27      This argument fails.  "Home Depot's duty to defend and
28 indemnify defendant [Szlachciuk] is not a bar on litigation

5

against her individually." See Alexander v. Home Depot U.S.A., Inc., No. 2:24-cv-01754 DAD CSK, 2024 WL 4212749, at *3 (E.D. Cal. Sept. 17, 2024); see also Thomas v. WalMart Stores, Inc., No. 18-cv-03422 RSW LSK, 2018 WL 3046967, at *4 (C.D. Cal. June 19, 2018) ("Section 2802 requires an employer to indemnify an employee for liability incurred by the employee in the scope of the employee's employment; it does not render the employee immune from liability altogether."). Further, the cases cited by defendants in support of this argument are either inapposite or unpersuasive. See, e.g., Rojas, 538 F. Supp. 3d at 1026 (discussing indemnification under Lab. Code § 2802 as indicative of fraudulent joinder of Doe defendants and defendants added following removal); Linnin v. Michielsens, 372 F. Supp. 2d 811, 820–21 (E.D. Va. 2005) (stating in dicta, without citation to any Circuit authority, that including employee defendant who would be indemnified by employer was an act of "procedural gamesmanship" indicative of fraudulent joinder).

Defendants have not presented any legal argument or evidence establishing that there is no possibility that defendant Szlachciuk may be liable on a theory of premises liability. To the contrary, "'courts have specifically allowed a plaintiff to bring . . . premises liability claims against store managers in situations similar to the instant action.'" See Berryhill v. Costco Wholesale Corp., No. 2:23-cv-00315 WBS AC, 2023 WL 3302869, at *2–3 (E.D. Cal. May 8, 2023) (quoting Thomas v. WalMart Stores, Inc., No. 18-cv-03422 RSWL SK, 2018 WL 3046967, at *4 (C.D. Cal. June 19, 2018)) (rejecting fraudulent joinder argument and remanding premises liability case brought against

store manager who allegedly was not present in the store on the day of the injury) (collecting cases).

For the foregoing reasons, defendant Szlachciuk was not fraudulently joined and therefore complete diversity is lacking. Defendant has thus failed to overcome "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." See Hunter, 582 F.3d at 1046 (internal quotation marks omitted).

II. Attorneys' Fees

Plaintiff requests an award of attorneys' fees and costs incurred in filing this motion pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Though defendants' arguments fail, they did cite some authority (discussed above) finding fraudulent joinder of store managers in premises liability actions under different factual circumstances. Accordingly, plaintiff's request for attorneys' fees will be denied.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 10) be, and the same hereby is, GRANTED. Plaintiff's request for attorney's fees is hereby DENIED. This case is hereby REMANDED to the Superior Court of the State of California, in and for the County of Sacramento.

Dated: November 12, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7